UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SEAN DAUBER,<br>       Plaintiff, | :<br>:<br>: |
| -v- | :   Case No: 3:03cv199 (PCD) |
| STATE OF CONNECTICUT and<br>SHIRLEY JACKSON,<br>       Defendants | :<br>:<br>:<br>: |

**RULING ON DEFENDANT'S MOTION TO DISMISS**

Pursuant to Fed. R. Civ. P. 12(b)(5) and 12(b)(6), Defendants move to dismiss the present action. For the reasons stated below, Defendants' Motion [Doc. No. 11] is **granted**.

**I.  BACKGROUND**

Plaintiff brings the present action alleging deprivation of rights secured by the Constitution and laws of the United States, in violation of the Civil Rights Act of 1871, 42. U.S.C. § 1983 (West 1996).

Plaintiff resides in Waterbury, Connecticut and was enrolled in a Masters of Sociology Program at Southern Connecticut State University ("Southern"). Plaintiff began his course of studies at Southern in September of 1998. Pursuant to Southern's academic standards and regulations, Plaintiff was required to complete all courses for graduate credit with a minimum grade of "C." In addition, Plaintiff was required to maintain a 3.0 grade point average in each of his first five graduate courses.

Plaintiff completed six courses, within his "Planned Program of Graduate Study," by the end of his spring 1999 semester. Each of the six course was completed with a grade of "B" or

higher, and his cumulative grade point average was 3.166. However, on or about January 28, 2000, Plaintiff was expelled from Southern's Masters of Sociology Program for an alleged failure to maintain its required academic standards.

Plaintiff's claim was initially filed pro se. Defendants moved to dismiss the claim on August 19, 2003. Thereafter, Martin J. Acevedo was appointed as pro bono counsel, pursuant to Local Rule 83.10, on June 8, 2004. However, Attorney Acevedo moved to withdraw as counsel on December 2, 2004. On December 10, 2004, Plaintiff was ordered to show cause, on or before December 20, 2004 why Attorney Acevedo's Motion should not be granted, or to file a pro se appearance or find a replacement attorney. In addition, Plaintiff, on his own or through a lawyer, was ordered to file a brief in opposition to Defendants' Motion to Dismiss, by January 3, 2005. Plaintiff has failed to comply with any of the above orders, and notably, he has not filed an opposition brief. As a result, Plaintiff's claim will be treated as having been filed pro se.

## II.    STANDARD OF REVIEW:

A motion to dismiss is properly granted when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." In re Scholastic Corp. Sec. Litig., 252 F.3d 63, 69 (2d Cir. 2001), quoting Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). A motion to dismiss must be decided on the facts as alleged in the complaint. Merrit v. Shuttle, Inc., 245 F.3d 182, 186 (2d Cir. 2001). All facts in the complaint are assumed to be true and are considered in the light most favorable to the non-movant. Manning v. Utilities Mut. Ins. Co., Inc., 254 F.3d 387, 390 n. 1 (2d Cir. 2001). Further, when considering motions to dismiss the claims of plaintiffs proceeding pro se, courts in this Circuit are instructed to construe the pleadings liberally, "and interpret them to raise the strongest

arguments that they suggest." Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir.2000); Weinstein v. Albright, 261 F.3d 127, 132 (2d Cir. 2001); Flaherty v. Lang, 199 F.3d 607, 612 (2d Cir.1999). This is especially true when dealing with civil rights complaints. Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir.2000). In the matter before the Court, Plaintiff has filed no brief. Nevertheless, rather than grant Defendants' motion absent opposition, Plaintiff's complaint will be liberally construed and interpreted to raise the strongest arguments it suggests could be raised in opposition to Defendant's Motion.

### III.   DISCUSSION

#### A.   Section 1983 Claim

Pursuant to 42 U.S.C. § 1983, Plaintiff alleges a violation of his Fourteenth Amendment right to procedural due process. Due process requires that any deprivation of any liberty, or property interest "be preceded by notice and opportunity for hearing appropriate to the nature of the case." Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985). Further, such hearing must be given "at a meaningful time and in a meaningful manner." Mathews v. Elderidge, 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976). While due process requires adequate procedures before depriving an individual of a property interest, it does not absolutely guard against such deprivations. Daniels v. Williams, 474 U.S. 327, 339, 106 S.Ct. 677, 88 L.Ed.2d 662 (1986). Thus, a State has every right to discharge a teacher or punish a student, so long as the State provides appropriate procedural safeguards. Id. Plaintiff alleges that Defendants violated his right to due process when they summarily expelled him

without notice, hearing, or opportunity to be heard.[1]

While §1983 provides a federal forum to correct many deprivations of civil liberties, "it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties." Will v. Michigan Dept. of State Police, 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Such suits are barred by the Eleventh Amendment. Id. Further, to prevail under § 1983, "the party against whom recovery is sought must be a 'person' within the meaning of the Civil Rights Act." Fine v. City of New York, 529 F.2d 70, 73 (2d Cir. 1975). The Supreme Court has held that neither states, state agencies, nor state officials acting in their official capacities are "persons" under § 1983. Will, 491 U.S. at 71; See also Gaby v. Board of Trustees of Community Technical Colleges, 348 F.3d 62, 63 (2d Cir. 2003) (holding that board of trustees for state college was not a person subject to suit under federal civil rights statute).

An allegation that an official has acted in his official capacity, means that such official acted pursuant to an official policy, practice or custom. Monell v. New York City Dept. of Social Services, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Suits against state officials in their official capacity are treated the same as suits against the state. Hafer v. Melo,

---

[1] The doctrine of substantive due process "provides heightened protection against government interference with certain fundamental rights and liberty interests." Washington v. Glucksberg, 521 U.S. 702, 720, 117 S.Ct. 2258, 138 L.Ed.2d 772 (1997). The rights and interests protected include "the freedoms protected by the Bill of Rights, the right to marry, to have children, to direct the education and upbringing of one's children, to marital privacy, to use contraception, to bodily integrity, and to abortion." Id. Here, Plaintiff has alleged no facts regarding a deprivation of a fundamental right or liberty interest. As a result of Plaintiff's expulsion, he has lost the right to continue his education. Education, however, "is not among the rights afforded explicit protection under our Federal Constitution." San Antonio Independent School Dist. v. Rodriguez, 411 U.S. 1, 20, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Thus, while there is no indication Plaintiff intended to raise a substantive due process claim, to the extent that he did, it would fail.

502 U.S. 21, 25, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991).  Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent."  Kentucky v. Graham, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (quoting Monell, 436 U.S. at 690, n. 55). As such, state officials sued in their official capacity possess the same defenses that the state would possess. Hafer, 502 U.S. at 25.  Where a State possesses immunity from suit under the Eleventh Amendment, so does a state official sued in his or her official capacity.  Id.; See also Koehl v. Graham, 85 F.3d 86, 89 (2d Cir. 1996) (holding that suit against prison superintendent in his official capacity was barred by sovereign immunity).[2]

In contrast, a state official sued in his or her *individual* capacity is a "person" subject to suit for damages under § 1983.  Hafer, 502 U.S. at 25.  However, where a state official is sued in his or her individual capacity, a plaintiff must allege personal involvement on the part of the official.  Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003); Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989).  For these purposes, personal involvement means "direct participation, or failure to remedy the alleged wrong after learning of it, or creation of a policy or custom under which unconstitutional practices occurred, or gross negligence in managing subordinates." Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996).

Defendants argue that Plaintiff's claim cannot stand because the State of Connecticut is not a "person" within the meaning of 42 U.S.C § 1983, Plaintiff's § 1983 claim for money

---

[2] Although a state official sued in his or her official capacity, for money damages, is not a person subject to suit under § 1983, a state official sued in his or her official capacity, for injunctive relief, is a person subject to suit under § 1983. Graham, 437 U.S. at 167, n. 14.  "Official-capacity actions for prospective relief are not treated as actions against the State."  Id.  However, as discussed below, Plaintiff's complaint is devoid of any alleged conduct on the part of Ms. Jackson, in either her official or individual capacity.

damages against Shirley Jackson, in her official capacity, is barred by the Eleventh Amendment, and Plaintiff fails to allege any personal involvement by Shirley Jackson in her individual capacity. Def. Motion to Dismiss at 1.  As stated, Plaintiff has taken no position with regards to Defendants' motion.

At this stage of the proceedings, Plaintiff's complaint, given liberal construction, and having tested Defendants' arguments, fails to state a claim upon which relief could be granted. Plaintiff alleges that the State of Connecticut, acting through Southern Connecticut State University and Shirley Jackson, deprived him of rights secured by the Constitution and laws of the United States.  Compl., Count One, ¶¶ 2, 3, and 10.  The State of Connecticut, however,  is not a "person" within the meaning of § 1983, and has immunity against such suits under the Eleventh Amendment.  Will, 491 U.S. at 71.  Accordingly, all claims against it are dismissed.

Plaintiff's claim against Shirley Jackson fails to expressly state whether she is being sued in her official or individual capacity.  In fact, Plaintiff alleges no facts regarding Shirley Jackson whatsoever.  Plaintiff's only mention of Ms. Jackson is found in the case caption.  This distinction is irrelevant, however, as the claim against Ms. Jackson will fail in either capacity.  A claim against Shirley Jackson, in her official capacity, is just another way of pleading an action against the State of Connecticut. Graham, 473 U.S. at 165.  As such, the § 1983 claim against Shirley Jackson in her official capacity, like the § 1983 claim against the State of Connecticut, is barred by the Eleventh Amendment.  Hafer, 502 U.S. at 25.  Likewise, if the § 1983 claim is against Shirley Jackson in her individual capacity, it also fails. Plaintiff has failed to allege any personal involvement by Shirley Jackson, as required to state a § 1983 claim against her, in her individual capacity.  Richardson, 347 F.3d at 435; Al-Jundi, 885 F.2d at 1065.  As Plaintiff's

complaint is devoid of any alleged conduct on the part of Ms. Jackson, it appears no relief could be granted under any set of facts that could be proved consistent with his allegations.[3] Accordingly, Defendants' motion dismiss is **granted**.

IV.    CONCLUSION

For the reasons stated herein, Defendants' Motion to Dismiss [Doc. No. 11] is **granted**. The Clerk shall close the file.

SO ORDERED.

Dated at New Haven, Connecticut, February  24 , 2005.

/s/

Peter C. Dorsey, U.S. District Judge
United States District Court

---

[3]    Defendants also argue that Plaintiff failed to effect proper service of process. Service of Process on a state is effected by "delivering a copy of the summons and of the complaint to its chief executive officer or by serving the summons and complaint in the manner prescribed by the law of that state." Fed. R. Civ. P. 4(j)(2). Connecticut law prescribes that service of process on the state be made "by leaving a true and attested copy of the process, including the declaration or complaint, with the Attorney General or at his office in Hartford." Conn. Gen. Stat. Ann. §52-64 (West 2004). Where a party has failed to make proper service of process, the claim should be dismissed. Banerjee v. Roberts, 641 F. Supp. 1093, 1099 (D.Conn. 1986). Here, Plaintiff has served neither the Attorney General, nor the "chief executive officer" of the state. A pro se plaintiff, however, is generally entitled to "a certain degree of leniency so as his case is justly resolved on its merits rather than on the basis of procedural technicalities." Campbell v. Illinois Dept. of Corrections, 907 F. Supp. 1173, 1177 (N.D.Ill. 1995). In addition, Plaintiff's summons and complaint eventually reached the Attorney General. Regardless, even if Plaintiff's claim is not dismissed on this "procedural technicality," it fails on the above mentioned substantive grounds.