UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SEAN DAUBER | No. 3:03 CV 199 (PCD) |
| *Plaintiff* : | |
| v. : | |
| : | |
| STATE OF CONNECTICUT AND | |
| SHIRLEY JACKSON : | |
| *Defendants* : | JULY 1, 2005 |

### DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S REQUEST TO REOPEN JUDGMENT

The defendants respectfully submit this memorandum in opposition to plaintiff's undated request, filed July 24, 2005, to reopen the February 25, 2005 judgment in the above case.

**I. Statement of Facts**

This case began in January 2003. Mr. Dauber was granted permission to proceed *in forma pauperis*, at which time he appeared *pro se*. Mr. Dauber was subsequently granted the right to appointed counsel, and, according to the docket report, on April 27, 2004 a particular *pro bono* attorney was appointed. For reasons unknown to the defendants, that particular appointment was vacated on June 9, 2004, and on that same date a new *pro bono* attorney was appointed. Attorney J. Martin Acevedo filed his appearance for the plaintiff on August 19, 2004.

Meanwhile, on September 4, 2003 defendants had filed a motion to dismiss pursuant to Rule 12(b)(5) and (6) of the Federal Rules of Civil Procedure along with a memorandum in support of the motion. On August 24, 2004 the Court granted the plaintiff's motion to extend the time for responding to the defendants' motion to dismiss, ordering that any response to the motion be filed by November 9, 2004. On November 15, 2004, the Court granted a further

1

extension of time for responding to the motion to dismiss, extending the time until December 6, 2004.

Thereafter, on December 10, 2004, the Court issued an order to show cause why: i) a motion by Attorney Acevedo to withdraw as counsel should not be granted; or ii) an order requiring Mr. Dauber to file a pro se replacement appearance should not be entered.  On that same date, the Court granted a further extension of time for the plaintiff to respond to the defendants' motion to dismiss, until January 3, 2005.[1]  On December 15, 2004 Attorney Acevedo filed a return of service reflecting that the order to show cause had been served on the plaintiff on December 14, 2004.

On February 22, 2005 the Court entered a sealed order, which defendants presume granted Attorney Acevedo's motion.

On February 24, 2005, the Court, in a seven page written decision on the merits, granted the defendants' motion to dismiss. Judgment entered for the defendants the next day.

On July 24, 2005, some five months later, the plaintiff filed a letter with the Court blaming Attorney Acevedo, and seeking to reopen the judgment.

**II. Discussion**

While plaintiff's letter cites no applicable rules, construing the letter as a motion to reopen means it must fall under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. Since any such motion filed under the authority of Rule 59 must be filed within ten days of judgment (F.R.Civ.P. 59(b)), defendants assume the plaintiff's request must be construed as a motion for relief from judgment under Rule 60.

Since Rule 60(a) covering motions to correct clerical mistakes in a judgment is inapplicable, plaintiff's request must be analyzed under Rule 60(b). This subsection of Rule 60 contains six grounds for relief from judgment, only two of which (Subsections (1) and (6)) could even conceivably be applicable here.[2] This leaves only Rule 60(b)(1) (mistake, inadvertence, surprise or excusable neglect) and 60(b)(6) (any other reason justifying relief -- the so-called "catch all" provision). However, these two subsections are mutually exclusive; a party cannot seek to rely on any of the provisions of 60(b)(1) through (5) while also seeking to invoke 60(b)(6). Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863, n. 11 (1988); Cotto v. U.S., 993 F.2d 274, 277 (1st Cir.1993).

In ruling on a motion to reopen under Rule 60(b), the Court must exercise its sound discretion, and that discretion includes determining whether the motion has been brought within a reasonable time of the entry of judgment. National Petrochemical v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir.1991); American Metals Service Export Co. v. Ahrens Aircraft, 666 F.2d 718, 720-712 (1st Cir.1981). Notably, in American Metals, a five month delay -- precisely what is at issue here -- was held unreasonable. Id. The issue of delay is critical because decisions under the Rule are designed to promote the finality of judgments. Paddington Partners v. Bouchard, 34 F.3d 1132, 1144 (2d Cir.1994); Toscano v. C.I.R., 441 F.2d 930, 933-934 (9th Cir.1971). Moreover, a Rule 60(b) motion cannot be used as a substitute for a timely appeal. Dunn v. Cockrell, 302 F.3d 491, 492-494(5th Cir.2002), cert. den. 537 U.S. 1181 (2003); Moore's Federal Practice 3D, §60.38[2]; Ackerman v. U.S., 340 U.S. 193, 197-202 (1950).

---

[1] The docket sheet shows this date as January 3, *2004*, but the year was obviously an error, since that date had already passed.

3

Under Rule 60(b)(1) the issue of "excusable neglect" must be determined in light of all relevant circumstances, including i) the danger of prejudice to the adverse party (here, the very real prejudice to the defendants, who legitimately attained dismissal of the claims, and not via default); ii) the length of the delay (here, as noted, some five months since the judgment); iii) the reason for the neglect (none is posited here); and iv) whether the moving party acted in good faith (lacking here in light of the fact that the plaintiff repeatedly had fair notice, and the motion to dismiss -- which at the time of filing had been mailed directly to the plaintiff --was pending some 17 months before it was ruled upon). Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380 (1993). Indeed, a "party claiming excusable neglect will, in the ordinary case, lose under the Pioneer test." Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 251 (2d Cir.1997), cert. den. 522 U.S. 1117 (1998). In this regard, "[c]ourts repeatedly deny relief when they find the facts and circumstances demonstrate a lack of diligence in pursuing or defending litigation," and the "[f]ailure to meet a deadline without some understandable excuse for tardiness is not excusable." Moore's Federal Practice 3D, §60.41[1][c]; Greenwood Explorations v. Merit Gas & Oil Co., 837 F.2d 423, 426-427 (10 Cir. 1988). In addition, under the standard, the failure to read motions and other legal documents is not excusable neglect, nor is claimed ignorance of the law. Kunik v. Racine County, Wisconsin, 106 F.3d 168, 171, 173-174 (7th Cir.1997); Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 365-370 (2d Cir.2003); Norgaard v. DePuy Orthopaedics, Inc., 121 F.3d 1074, 1075-1076 (7th Cir. 1997). Under these principles, parties are bound by the acts of their lawyers/agents. Link v. Wabash R.R. Co., 370 U.S. 626, 633-634 (1962). In short, under the Pioneer standard, the proper

---

[2] Rule 60(b)(2) (newly discovered evidence), 60(b)(3) (fraud), 60(b)(4) (judgment is void) and

focus is on whether the neglect of both the party and counsel was excusable. Moore's Federal Practice 3D, §60.41[3]. Here, as noted above, it was not.

Alternatively, if plaintiff's request is analyzed under Rule 60(b)(6) -- the "catch-all" provision -- the request similarly must be denied. "Extraordinary circumstances" must be present to warrant relief under Rule 60(b)(6). Liljeberg, 486 U.S. at 863-864. This is generally construed to mean there is no fault that can be attributed to the movant, such as where the movant can adequately demonstrate he had no knowledge of the proceedings. National Credit Union Administration v. Gray, 1 F.3d 262 (4th Cir.1993). The failure to appreciate the legal significance of court orders does not constitute extraordinary circumstances, and those who do not diligently act to protect their legal rights are not entitled to relief under Rule 60(b)(6). PRC Harris, Inc. v. Boeing Co., 700 F.2d 894, 897-898 (2d Cir.1983); Lehman v. U.S., 154 F.3d 1010, 1017 (9th Cir.1998). Motions under Rule 60(b)(6) must also be brought within a reasonable time. U.S. v. Holtzman, 762 F.2d 720, 725 (9th Cir.1985). For the reasons noted earlier, five months in these circumstances is not reasonable.

Finally, the fact that the judgment here was not a default judgment, but rather one based on a lengthy and detailed written decision of the Court finding defendants' motion to dismiss entirely meritorious is critical, because under Rule 60(b) default cases are treated more sympathetically than those decided on substantive merit. Feliciano v. Reliant Tool Co., Ltd., 691 F.2d 653, 656 (3d Cir.1982) (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 243 (3d Cir.1951)); accord, Davis v. Musler, 713 F.2d 907, 915 (2d Cir.1983); see also, Falk v.

---

60(b)(5) (judgment has been satisfied, released or discharged) clearly have no application here.

<u>Allen</u>, 739 F.2d 461, 463 (9th Cir.1984) (Vacating judgment not warranted where it would be an empty exercise because the claim is meritless).

### III. <u>Conclusion</u>

Plaintiff's request is untimely under these circumstances and plaintiff cannot demonstrate excusable neglect or other grounds for relief. For the reasons set forth above, the defendants respectfully urge the Court to deny plaintiff's request to reopen the judgment in this matter.

        DEFENDANTS
        STATE OF CONNECTICUT,
        AND SHIRLEY JACKSON

        RICHARD BLUMENTHAL
        ATTORNEY GENERAL

        Richard J. Lynch
        Assistant Attorney General

BY: _____
        Ralph E. Urban
        Assistant Attorney General
        Federal Bar No. ct00349
        55 Elm Street, P.O. Box 120
        Hartford, CT 06141-0120
        Tel: (860) 808-5210
        Fax.: (860) 808-5385
        Email: ralph.urban@po.state.ct.us

## **CERTIFICATION**

I hereby certify that a copy of the foregoing memorandum mailed on this     day of July, 2005, first class postage prepaid to:

    Sean Dauber
    6 Gay Ridge Road
    Apartment 109
    Waterbury, CT  06705

                                                 _____
                                                 Ralph Urban
                                                 Assistant Attorney General