UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

FILED

2005 SEP 29 A 11: 07

U.S. DISTRICT COURT
NEW HAVEN, CT

SEAN DAUBER,
        Plaintiff,

v.

STATE OF CONNECTICUT and
SHIRLEY JACKSON,
        Defendants

Case No: 3:03cv199 (PCD)

## RULING ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

Plaintiff moves, pursuant to FED. R. CIV. P. 60[1], for relief from this Court's February 24, 2005 judgment [Doc. No. 31] granting Defendants' Motion to Dismiss [Doc. No. 11]. For the reasons set forth herein, Plaintiff's motion [Doc. No. 33] is **denied without prejudice**. In denying the claim without prejudice, the Court affords Plaintiff an opportunity to renew his motion by appearing pro se or obtaining counsel who appears on his behalf and submitting, within thirty (30) days of this ruling, a proposed amended complaint setting forth a viable cause of action and remedying the deficiencies noted in this Court's Ruling on Defendants' Motion to Dismiss.

### I. BACKGROUND

Plaintiff filed the present action alleging deprivation of rights secured by the Constitution and laws of the United States, in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983

---

[1] As Plaintiff's *pro se* motion was construed as a motion to reopen, it must fall under FED. R. CIV. P. 59 or FED. R. CIV. P. 60. The motion was filed four months after the court's ruling granting Defendants' Motion to Dismiss. Since any motion to alter or amend judgment under Rule 59 must be filed no later than ten days after the entry of judgment, FED. R. CIV. P. 59(e), the Court will construe Plaintiff's motion as a motion for relief from judgment under Rule 60.

1

(1996). Plaintiff's claim was originally filed pro se. On August 19, 2003, Defendants moved to dismiss the claim and Attorney J. Martin Acevedo was subsequently appointed as pro bono counsel pursuant to Local Rule 83.10. Attorney Acevedo entered an appearance on behalf of Plaintiff on August 19, 2004. However, he thereafter moved to withdraw as counsel on December 2, 2004. On December 10, 2004, the Court ordered Plaintiff to show cause, on or before December 20, 2004, why Attorney Acevedo's motion should not be granted, or to file a pro se appearance, or to find a replacement attorney. In addition, Plaintiff, on his own or through a lawyer, was ordered to file a brief in opposition to Defendants' Motion to Dismiss by January 3, 2005. Plaintiff failed to comply with the above orders, Attorney Acevodo's Motion to Withdraw was granted and Plaintiff's claim was thereafter treated as having been filed pro se. Plaintiff failed to file an opposition brief, but rather than grant Defendants' motion absent opposition, the Court liberally construed Plaintiff's complaint and interpreted it to raise the strongest arguments it suggests could be raised in opposition to Defendant's motion.

On February 24, 2005, this Court granted Defendants' Motion to Dismiss. Plaintiff's complaint alleges that the State of Connecticut, acting through Southern Connecticut State University and Shirley Jackson, deprived him of rights secured by the Constitution and laws of the United States. See Pl. Compl., Count One, ¶¶ 2, 3, and 10. In granting the Motion to Dismiss, this Court held that Plaintiff's complaint, by naming the State of Connecticut as the Defendant, failed to state a claim upon which relief can be granted. Neither a State nor State officials acting in their official capacity are "persons" within the meaning of § 1983 and thus are protected against such suits pursuant to the Eleventh Amendment's grant of sovereign immunity. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Although Plaintiff's claim

against Shirley Jackson failed to expressly state whether she is being sued in her official or individual capacity, the distinction is irrelevant as the claim fails in either capacity. As noted above, a claim against Ms. Jackson in her official capacity is barred by sovereign immunity. See Will, 491 U.S. at 71. Moreover, if the claim was against Ms. Jackson in her personal capacity, this Court held that it failed since Plaintiff failed to allege any personal involvement by Ms. Jackson, as required to state a § 1983 claim against her. See Richardson v. Goord, 347 F.3d 431, 435 (2d Cir. 2003); Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065 (2d Cir. 1989). Accordingly, Defendants' Motion to Dismiss was granted.

On June 24, 2004, four months after this Court's ruling on the Motion to Dismiss, Plaintiff filed the present Motion to Reopen the case (treated as a Motion for Relief from Judgment pursuant to FED. R. CIV. P. 60). The Plaintiff cites Attorney Acevedo's alleged unwillingness to participate in the case and refusal to return Plaintiff's phone calls as grounds for granting the Motion to Reopen. Plaintiff's contentions in this regard are controverted by Attorney Acevedo's representations to the contrary contained in his Motion to Withdraw as Counsel.

## II. DISCUSSION

Federal Rule of Civil Procedure 60(b) provides a procedure whereby, in appropriate cases, a party might be relieved of final judgment. In analyzing Rule 60(b), the Court notes that the Rule is to be construed "liberally" so as to do "substantial justice." Laguna Royalty Co. v. Marsh, 350 F.2d 817, 823 (5th Cir. 1965) ("The rule is broadly phrased and many of the itemized grounds are overlapping, freeing Courts to do justice in hard cases where the circumstances generally measure up to one or more of the itemized grounds."). Specifically, Rule 60(b)

provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason justifying relief from the operation of the judgment.
> The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

FED. R. CIV. P. 60(b). In discussing Rule 60(b)(1)'s "excusable neglect" standard, the Supreme Court has stated that the issue is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993). The relevant factors to consider include the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including consideration of whether it was within the reasonable control of the movant, and whether the movant acted in good faith. Id.

Rule 60(b)(6) grants federal courts broad authority to provide relief from a final judgment "upon such terms as are just," so long as the motion for relief is made "within a reasonable time" and does not rely on the grounds for relief provided for in clauses (b)(1) through (b)(5). Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863 (1988). In Liljeberg, the Supreme Court notes that Rule 60(b)(6) can be used to vacate judgments "whenever such action is appropriate to accomplish justice," but cautions that it should only be used in "extraordinary circumstances." Id. at 864 (citations omitted).

In this case Plaintiff claims that the case should be reinstated due to his attorney's alleged unwillingness to participate in the case and refusal to return phone calls. In his Motion to Withdraw as Counsel, Attorney Acevedo represents that he did make efforts to obtain the desired

4

relief for Plaintiff and asserts that Plaintiff did not follow through on his recommendations. Even if that were not the case, however, the deficiencies in Plaintiff's Complaint noted in this Court's Ruling on the Motion to Dismiss still stand. As Plaintiff drafted the Complaint, the allegations of which were liberally construed with substantial deference to Plaintiff's pro se posture, the flaws in the Complaint have no bearing on Attorney Acevedo's performance. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (holding pro se plaintiffs to "less stringent standards" than "formal pleadings drafted by lawyers"). Moreover, when ruling on Defendants' Motion to Dismiss, the Court construed the Complaint liberally, viewing facts and arguments in the light most favorable to the Plaintiff. Plaintiff has been given repeated opportunities to obtain replacement counsel or to appear pro se and respond to the Motion to Dismiss, and it was only in response to his failure to do so and the noted deficiencies in his Complaint that the Court dismissed the case, a move which Plaintiff did not object to until four months after the Ruling was issued. All of these factors weigh in equity against him, however, the Court does note that parties should not be penalized for their attorneys' negligence except in "extreme and unusual circumstances." U.S. v. Berger, 86 F.R.D. 713, 715 (W.D. Pa. 1980) (citing Hassenflu v. Pyke, 491 F.2d 1094 (5th Cir. 1974)). It is fairly clear here that Plaintiff's failure to respond was not due to Attorney Acevedo's negligence, however, in an effort to achieve a fair and equitable result that does not unduly penalize the Plaintiff nor burden the Defendants, the Court will grant Plaintiff an opportunity to reopen the suit pursuant to the guidelines set out below.

### III. CONCLUSION

For the reasons stated herein, Plaintiff's motion [Doc. No. 33] to reopen the Court's February 24, 2005 judgment [Doc. No. 31] granting Defendants' Motion to Dismiss is **denied**

**without prejudice**. In denying the claim without prejudice, the Court affords Plaintiff an opportunity to renew his motion by appearing pro se or obtaining counsel who appears on his behalf and submitting, within thirty (30) days of this ruling, a proposed amended complaint setting forth a viable cause of action and remedying the deficiencies noted in this Court's Ruling on Defendants' Motion to Dismiss.

SO ORDERED.

Dated at New Haven, Connecticut, September 28, 2005.

_____
Peter C. Dorsey, U.S. District Judge
United States District Court