UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SEAN DAUBER, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No: 3:03cv199 (PCD) |
| : | |
| STATE OF CONNECTICUT and : | |
| SHIRLEY JACKSON, : | |
|     Defendants. : | |

## ORDER TO SHOW CAUSE

This case has been closed since February 25, 2005, when this Court granted Defendants' Motion to Dismiss. Four months later, Plaintiff moved for relief from judgment, which this Court denied without prejudice, affording Plaintiff—in deference to his pro se status—an additional opportunity to renew his motion by appearing pro se or by obtaining counsel who appears on his behalf and submitting a proposed amended complaint setting forth a viable cause of action and remedying the deficiencies noted in this Court's Ruling on Defendants' Motion to Dismiss. Plaintiff submitted a proposed amended complaint which failed to remedy the deficiencies present in the original complaint. Rather than denying Plaintiff's Motion to Appoint Counsel, however, this Court granted the motion and required, following such appointment, supplemental briefing on the issue of whether Plaintiff could seek equitable relief against the State of Connecticut on a breach of contract theory. Pro bono counsel has been obtained, however, in attempting to reach Plaintiff by the telephone number listed in the amended complaint, the attorney was notified that the phone was not in service. The attorney also tried to reach him by letter sent to the address listed in the amended complaint, but the letter was

returned to her with a notation "return to sender, unknown, no forwarding address." In light of this history, it is hereby

ORDERED, that Plaintiff show cause on or before May 19, 2006, why this case shall not remain closed, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure,[1] for failure to prosecute. See Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) (A district court may, sua sponte, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b) . . . ."). If Plaintiff fails to respond on or before May 19, 2006, the case shall remain closed and there shall be no further processing of it.

SO ORDERED.

Dated at New Haven, Connecticut, May 5, 2006.

/s/_____
Peter C. Dorsey, U.S. District Judge
United States District Court

---

[1] Rule 41(b) of the Federal Rules of Civil Procedure provides in relevant part: "For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."