## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

SEAN DAUBER                                No. 3:03 CV 199 (PCD)
*Plaintiff*                          :
   v.                     :
               :
STATE OF CONNECTICUT AND
SHIRLEY JACKSON                  :
*Defendants*                       :          SEPTEMBER  1, 2006

## DEFENDANTS' MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S SECOND REQUEST TO REOPEN JUDGMENT

  The defendants respectfully submit this memorandum in opposition to plaintiff's undated request, filed May 30, 2006 to reopen the February 25, 2005 judgment in the above case.

### I. Statement of Facts

  This case began in January 2003. Mr. Dauber was granted permission to proceed *in forma pauperis*, at which time he appeared *pro se*.  Mr. Dauber was subsequently granted the right to appointed counsel, and, according to the docket report, on April 27, 2004 a particular *pro bono* attorney was appointed. For reasons unknown to the defendants, that particular appointment was vacated on June 9, 2004, and on that same date a new *pro bono* attorney was appointed. Attorney J. Martin Acevedo filed his appearance for the plaintiff on August 19, 2004.

  Meanwhile, on September 4, 2003 defendants had filed a motion to dismiss pursuant to Rule 12(b)(5) and (6) of the Federal Rules of Civil Procedure along with a memorandum in support of the motion. On August 24, 2004 the Court granted the plaintiff's motion to extend the time for responding to the defendants' motion to dismiss, ordering that any response to the motion be filed by November 9, 2004. On November 15, 2004, the Court granted a further

extension of time for responding to the motion to dismiss, extending the time until December 6, 2004.

Thereafter, on December 10, 2004, the Court issued an order to show cause why: i) a motion by Attorney Acevedo to withdraw as counsel should not be granted; or ii) an order requiring Mr. Dauber to file a pro se replacement appearance should not be entered.  On that same date, the Court granted a further extension of time for the plaintiff to respond to the defendants' motion to dismiss, until January 3, 2005.[1]  On December 15, 2004 Attorney Acevedo filed a return of service reflecting that the order to show cause had been served on the plaintiff on December 14, 2004.

On February 22, 2005 the Court entered a sealed order, which defendants presume granted Attorney Acevedo's motion.

On February 24, 2005, the Court, in a seven page written decision on the merits, granted the defendants' motion to dismiss. Judgment entered for the defendants the next day.

On June 24, 2005, some five months later, the plaintiff filed a letter with the Court blaming Attorney Acevedo, and seeking to reopen the judgment, plaintiff's first motion to reopen the judgment..

On September 29, 2005 the Court denied the June 24, 2005 motion to reopen without prejudice, but granting plaintiff thirty (30) days to file, by counsel or *pro se*, "a proposed amended complaint setting forth a viable cause of action and remedying the deficiencies noted in this Court's Ruling on Defendants' Motion to Dismiss."

---

[1] The docket sheet shows this date as January 3, *2004*, but the year was obviously an error, since that date had already passed.

On October 19, 2005 Mr. Dauber filed a *pro se* appearance which, notably, listed his address as 110 West Main Street, Waterbury, Connecticut 06708. On the same date he filed a proposed amended complaint, along with a motion for appointment of counsel.

On May 5, 2006 the Court ordered the plaintiff to show cause by May 19, 2006 why the case should not remain closed for failure to prosecute. Plaintiff filed nothing in response to the Court's order.

As a result, on May 22, 2006, the Court ordered the case to remain closed due to the plaintiff's failure to comply with its May 5, 2006 order.

The Court's orders of May 5, 2006 and May 22, 2006 each noted that plaintiff's proposed amended complaint dated October 19, 2005 failed to remedy the deficiencies present in the initial complaint, as noted and explained in the Court's ruling of February 24, 2005.

On May 30, 2006 plaintiff filed the current, undated motion to reopen. Notably missing from the motion is plaintiff's current address.

**II. <u>Discussion</u>**

Again, plaintiff's motion cites no applicable rules, but construing the motion as a motion to reopen means it must fall under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. Since any such motion filed under the authority of Rule 59 must be filed within ten days of judgment (F.R.Civ.P. 59(b)), defendants assume the plaintiff's request must be construed as a motion for relief from judgment under Rule 60.

As noted in defendants' previous opposition to the earlier request to reopen, since Rule 60(a) covering motions to correct clerical mistakes in a judgment is inapplicable, plaintiff's request must be analyzed under Rule 60(b). This subsection of Rule 60 contains six grounds for

relief from judgment, only two of which (Subsections (1) and (6)) could even conceivably be applicable here.[2]  This leaves only Rule 60(b)(1) (mistake, inadvertence, surprise or excusable neglect) and 60(b)(6) (any other reason justifying relief -- the so-called "catch all" provision). However, these two subsections are mutually exclusive; a party cannot seek to rely on any of the provisions of  60(b)(1) through (5) while also seeking to invoke 60(b) (6). Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863, n. 11 (1988); Cotto v. U.S., 993 F.2d 274, 277 (1st Cir.1993).

In ruling on a motion to reopen under Rule 60(b), the Court must exercise its sound discretion, and that discretion includes determining whether the motion has been brought within a reasonable time of the entry of judgment. National Petrochemical v. M/T Stolt Sheaf, 930 F.2d 240, 244 (2d Cir.1991); American Metals Service Export Co. v. Ahrens Aircraft, 666 F.2d 718, 720-712 (1st Cir.1981). Notably, in American Metals, a five month delay was held unreasonable. Id.  The current motion comes some fourteen (14) months after the entry of judgment. The issue of delay is critical because decisions under the Rule are designed to promote the finality of judgments. Paddington Partners v. Bouchard, 34 F.3d 1132, 1144 (2d Cir.1994); Toscano v. C.I.R., 441 F.2d 930, 933-934 (9th  Cir.1971). Moreover, a Rule 60(b) motion cannot be used as a substitute for a timely appeal. Dunn v. Cockrell, 302 F.3d 491, 492-494(5th Cir.2002), cert. den. 537 U.S. 1181 (2003); Moore's Federal Practice 3D, §60.38[2]; Ackerman v. U.S., 340 U.S. 193, 197-202 (1950).

Under Rule 60(b)(1) the issue of "excusable neglect" must be determined in light of all relevant circumstances, including i) the danger of prejudice to the adverse party (here, the very

---

[2] Rule 60(b)(2) (newly discovered evidence), 60(b)(3) (fraud), 60(b)(4) (judgment is void) and

real prejudice to the defendants, who legitimately attained dismissal of the claims, and not via

default); ii) the length of the delay (here, as noted, some fourteen months since the judgment);

iii) the reason for the neglect (plaintiff's only reason is his claim that he did not receive the Court

rulings, which were presumably mailed to the address *he* provided when he filed his *pro se*

appearance); and iv) whether the moving party acted in good faith (lacking here in light of the

fact that the notices and orders were presumably sent to address the plaintiff himself provided the

Court). Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380

(1993). Indeed, a "party claiming excusable neglect will, in the ordinary case, lose under the

Pioneer test." Canfield v. Van Atta Buick/GMC Truck, Inc., 127 F.3d 248, 251 (2d Cir.1997),

cert. den. 522 U.S. 1117 (1998). In this regard, "[c]ourts repeatedly deny relief when they find

the facts and circumstances demonstrate a lack of diligence in pursuing or defending litigation,"

and the "[f]ailure to meet a deadline without some understandable excuse for tardiness is not

excusable." Moore's Federal Practice 3d, §60.41[1][c]; (citing Greenwood Explorations v. Merit

Gas & Oil Co., 837 F.2d 423, 426-427 (10 Cir. 1988)). In addition, under the standard, the

failure to read motions and other legal documents is not excusable neglect, nor is claimed

ignorance of the law. Kunik v. Racine County, Wisconsin, 106 F.3d 168, 171, 173-174 (7th

Cir.1997); Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 365-370 (2d Cir.2003); Norgaard

v. DePuy Orthopaedics, Inc., 121 F.3d 1074, 1075-1076 (7th Cir. 1997). Under these principles,

parties are bound by the acts of their lawyers/agents. Link v. Wabash R.R. Co., 370 U.S. 626,

633-634 (1962). In short, under the Pioneer standard, the proper focus is on whether the neglect

of both the party and counsel was excusable. Moore's Federal Practice 3d, §60.41[3]. Here, it

---

60(b)(5) (judgment has been satisfied, released or discharged) clearly have no application here.

was not. Plaintiff himself provided the address when he filed his appearance, and it appears it was inexcusable neglect not to inform both the Court and the defendants of any change in address. Indeed, instances of deliberate indifference and disregard of Court orders and requests is not the product of "oversight" or "inadvertence." Williams v. New Orleans Public Service, Inc., 728 F.2d 730, 734 (5th Cir. 1984). "Courts repeatedly deny relief when they find the facts … demonstrate a lack of diligence in defending or pursuing litigation ….a claim of mistake or excusable neglect will always fail if the facts demonstrate a lack of diligence." Moore's Federal Practice 3d, §60.41[1][c][ii] (citing Greenwood Explorations, 837 F.2d at 426-427).

Alternatively, if plaintiff's request is analyzed under Rule 60(b)(6) -- the "catch-all" provision -- the request similarly must be denied. "Extraordinary circumstances" must be present to warrant relief under Rule 60(b)(6). Liljeberg, 486 U.S. at 863-864. This is generally construed to mean there is no fault that can be attributed to the movant, such as where the movant can adequately demonstrate he had no knowledge of the proceedings. National Credit Union Administration v. Gray, 1 F.3d 262 (4th Cir.1993). Here, the movant clearly is at fault for failing to apprize the Court and the defendants of his apparent address change. Motions under Rule 60(b)(6) must also be brought within a reasonable time. U.S. v. Holtzman, 762 F.2d 720, 725 (9th Cir.1985). For the reasons noted earlier, the amount of time that has passed here is not reasonable.

Finally, again as noted by the defendants in the earlier filing, the fact that the judgment here was not a default judgment, but rather one based on a lengthy and detailed written decision of the Court finding defendants' motion to dismiss entirely meritorious is critical, because under Rule 60(b) default cases are treated more sympathetically than those decided on substantive

merit. <u>Feliciano v. Reliant Tool Co., Ltd.</u>, 691 F.2d 653, 656 (3d Cir.1982) (citing <u>Tozer v. Charles A. Krause Milling Co.</u>, 189 F.2d 242, 243 (3d Cir.1951)); <u>accord</u>, <u>Davis v. Musler</u>, 713 F.2d 907, 915 (2d Cir.1983); <u>see</u> <u>also</u>, <u>Falk v. Allen</u>, 739 F.2d 461, 463 (9th Cir.1984) (Vacating judgment not warranted where it would be an empty exercise because the claim is meritless).

### III. <u>Conclusion</u>

Once again, plaintiff's request is untimely and plaintiff cannot demonstrate excusable neglect or other grounds for relief. For the reasons set forth above, the defendants respectfully urge the Court to deny plaintiff's request to reopen the judgment in this matter.

DEFENDANTS
STATE OF CONNECTICUT,
AND SHIRLEY JACKSON

RICHARD BLUMENTHAL
ATTORNEY GENERAL

Richard J. Lynch
Assistant Attorney General

BY: _____
Ralph E. Urban
Assistant Attorney General
Federal Bar No. ct00349
55 Elm Street,  P.O. Box  120
Hartford, CT 06141-0120
Tel: (860) 808-5210
Fax.: (860) 808-5385
Email: ralph.urban@po.state.ct.us

# **CERTIFICATION**

I hereby certify that a copy of the foregoing memorandum mailed on this 1st  day of September, 2006, first class postage prepaid to:

       Sean Dauber
       6 Gay Ridge Road
       Apartment 109
       Waterbury, CT  06705

       Sean Dauber
       16 Greenbow Street
       Waterbury, CT  06708

       Sean Dauber
       110 West Main Street
       Waterbury, CT  06708

_____
Ralph Urban
Assistant Attorney General