UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| SEAN DAUBER,<br>　　　　Plaintiff, | :<br>:<br>: |
| v. | : Case No: 3:03cv199 (PCD) |
| | : |
| STATE OF CONNECTICUT and<br>SHIRLEY JACKSON,<br>　　　　Defendants. | :<br>:<br>: |

**RULING ON MOTION TO REOPEN**

Plaintiff, proceeding *pro se*, moves for reconsideration of the order providing that his case will remain closed, and to reopen his case. Defendants oppose Plaintiff's motion. For the reasons that follow, Plaintiff's Motion for Reconsideration [Doc. No. 42] is **granted**, however the prior order is adhered to. As such, Plaintiff's Motion to Reopen [Doc. No. 42] is **denied**.

**I.     BACKGROUND**

This case began in January 2003, when Plaintiff was granted permission to proceed *in forma pauperis* and appeared *pro se*. Plaintiff was subsequently granted the right to appointed counsel, and on April 27, 2004, a *pro bono* attorney was appointed. That particular appointment was vacated on June 9, 2004, and on that same date, a new *pro bono* attorney was appointed. Attorney J. Martin Acevedo filed his appearance for Plaintiff on August 19, 2004.

Meanwhile, on September 4, 2003, Defendants filed a motion to dismiss. On August 4, 2004 and November 9, 2004, the Court granted Plaintiff's motions to extend the time for responding to Defendants' motion to dismiss, extending the response time until December 6, 2004. On December 3, 2004, Attorney Acevedo filed a motion to withdraw as counsel, however, no response to Defendants' motion to dismiss was filed. Thereafter, on December 10, 2004, this

Court issued to Plaintiff an order to show cause why: (1) Attorney Acevedo's motion to withdraw as counsel should not be granted; or (2) requiring Plaintiff to file a *pro se* appearance or find a replacement attorney on or before December 20, 2004. On that same date, this Court granted a further extension of time for Plaintiff to respond to Defendants' motion to dismiss, extending his response time until January 3, 2005. On December 15, 2004, Attorney Acevedo filed a return of service indicating that the order to show cause had been served on Plaintiff on December 14, 2004.

On February 22, 2005, this Court granted Attorney Acevedo's motion to withdraw. Subsequently, on February 24, 2005, this Court issued a seven-page ruling on Defendants' motion to dismiss, addressing Defendants' arguments on the merits and dismissing the case. Judgment entered for Defendants on February 25, 2005.

On June 24, 2005, five months after the entry of judgment, Plaintiff filed a letter with the Court blaming his failure to respond to the motion to dismiss on Attorney Acevedo and seeking to reopen the judgment. On September 29, 2005, this Court denied Plaintiff's motion to reopen without prejudice, but allowed Plaintiff thirty (30) days to file, by counsel or *pro se*, "a proposed amended complaint setting forth a viable cause of action and remedying the deficiencies noted in this Court's Ruling on Defendants' Motion to Dismiss."

On October 19, 2005, Plaintiff filed a *pro se* appearance, listing his address as 110 West Main Street, Waterbury, Connecticut 06708. On that same date, he filed a proposed amended complaint along with a motion for appointment of counsel. Although the proposed Amended Complaint did not remedy the deficiencies noted in the earlier Ruling and did not set forth a viable cause of action, the Court, on March 31, 2006, granted Plaintiff's Motion for Appointment

of Counsel and sought supplemental briefing on the issue of whether Plaintiff could seek equitable relief against the State of Connecticut on a breach of contract theory. *Pro bono* counsel was subsequently obtained, however the attorney was unable to reach Plaintiff by the telephone number listed in the amended complaint and was notified that the phone was not in service. The attorney also tried to reach Plaintiff by letter sent to the address listed in the amended complaint (110 West Main Street in Waterbury), but the letter was returned marked with the notation "return to sender, unknown, no forwarding address." In deference to Plaintiff, this Court offered him one more opportunity to respond, ordering him to show cause, on or before May 19, 2006, as to why the case should not remain closed for failure to prosecute. Plaintiff failed to respond to that order and accordingly, on May 22, 2006, this Court entered an order stating that the case will remain closed.[1]

Over three months later, on August 24, 2006, Plaintiff filed the current motion to reopen the case, asserting that he had not received this Court's prior orders or notifications. Plaintiff asks to be heard in the case and to "seek reliable counsel."

## II.   DISCUSSION

Plaintiff's motion cites no applicable rules, but as a motion to reopen an action, the motion must fall under either Rule 59 or Rule 60 of the Federal Rules of Civil Procedure. Because any motion to reopen a judgment filed pursuant Rule 59 must be filed within ten days after entry of judgment, Fed. R. Civ. P. 59(b), Plaintiff's motion will be construed as a motion for relief from judgment pursuant to Rule 60.

---

[1] The Court's orders of May 5, 2006 and May 22, 2006 also noted that Plaintiff's proposed amended complaint dated October 19, 2005 failed to remedy the deficiencies present in the initial complaint, as noted and explained in this Court's February 24, 2005 ruling.

Rule 60(a) applies to clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission, and is therefore inapplicable here. Accordingly, Plaintiff's request to reopen will be analyzed under Rule 60(b).

Federal Rule of Civil Procedure 60(b) provides a procedure whereby, in appropriate cases, a party might be relieved of final judgment. Rule 60(b) motions are "addressed to the sound discretion of the district court and are generally granted only upon a showing of exceptional circumstances." Mendell ex rel. Viacom, Inc. v. Gollust, 909 F.2d 724, 731 (2d Cir. 1990). The party seeking relief from judgment has the burden of showing that such is appropriate. United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) (internal citations omitted). In order to grant relief pursuant to Rule 60(b), "the Court must find that (1) the circumstances of the case present grounds justifying relief and (2) the movant possesses a meritorious claim in the first instance." Flaherty v. Hackeling, 221 F.R.D. 383, 386 (E.D.N.Y. 2004).

Rule 60(b) contains six distinct grounds for relief from judgment, only two of which—i.e., subsections (1) and (6)—are conceivably applicable here.[2] Specifically, Rule 60(b) provides, in relevant part:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect; . . . or
> (6) any other reason justifying relief from the operation of the judgment.
> The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

---

[2] The other bases for relief from judgment—i.e., newly discovered evidence, Rule 60(b)(2), fraud, Rule 60(b)(3), judgment is void, Rule 60(b)(4), and judgment not satisfied, released or discharged, Rule 60(b)(5)—have no application here.

Fed. R. Civ. P. 60(b).

### A. Rule 60(b)(1): Excusable Neglect

In discussing Rule 60(b)(1)'s "excusable neglect" standard, the Supreme Court has stated that the issue is "an equitable one," and that the Court should consider "all relevant circumstances surrounding the party's omission." Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). The relevant factors to consider include (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including consideration of whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Id. The Second Circuit has made clear that "a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Canfield v. Van Atta Buick/GMC Truck, 127 F.3d 248, 251 (2d Cir. 1997).

With regard to the first factor, Defendants assert that reopening the case will cause them "real prejudice," as they legitimately attained dismissal of the claims on the merits over fourteen months ago. (See Mem. Opp. Mot. Reopen 4-5.) With regard to the second factor, over fourteen months have passed since the entry of judgment. Moreover, Plaintiff waited over three months from the date of the May 22, 2006 order providing that the case would remain closed to file his motion to reopen the case. Plaintiff was notified of the May 22, 2006 Order by the clerk's office in May 2006 and has provided no justification for the three-month delay in filing his latest motion to reopen the case. The delay was entirely within Plaintiff's control, and the history of this case indicates that Plaintiff has not been diligent about pursuing this case and meeting the

deadlines established with regard to this action.  Finally, there is no evidence of "good faith." Plaintiff has failed to notify the clerk's office of changes in his address and telephone number, and has not been diligent about checking the case docket or adhering to orders issued by this Court.  The fact that Plaintiff did not receive Court orders or notifications—if true—is due entirely to his failure to apprise the Court of his current contact information and to diligently manage his case.  Any prejudice resulting to Plaintiff stems only from his own negligence.

Plaintiff's failure to respond to Court orders and failure to file a Complaint setting forth a viable cause of action cannot be said to constitute "excusable neglect." See, e.g., Canfield, 127 F.3d at 250 ("failure to follow the clear dictates of a court rule will generally not constitute such excusable neglect"); Silivanch v. Celebrity Cruises, Inc., 333 F.3d 355, 368 (2d Cir. 2003) ("In our cases addressing when neglect is 'excusable,' we have . . . taken a hard line."); Weinstock v. Cleary, Gottlieb, Steen & Hamilton, 16 F.3d 501, 503 (2d Cir. 1994) ("the excusable neglect standard can never be met by a showing of inability or refusal to read and comprehend the plain language of the federal rules") (quoting In re Cosmopolitan Aviation Corp., 763 F.2d 507, 515 (2d Cir.), cert. denied, 474 U.S. 1032, 106 S. Ct. 593, 88 L. Ed. 2d 573 (1985)).  As such, relief from judgment is inappropriate under Rule 60(b)(1).

**B.     Rule 60(b)(6): The Catch-All Provision**

Rule 60(b)(6) is broader than Rule 60(b)(1), granting federal courts authority to provide relief from a final judgment "upon such terms as are just," so long as the motion for relief is made "within a reasonable time" and does not rely on the grounds for relief provided for in clauses (b)(1) through (b)(5).  Liljeberg v. Health Services Acquisition Corp., 486 U.S. 847, 863, 108 S. Ct. 2194, 100 L. Ed. 2d 855 (1988).  In Liljeberg, the Supreme Court noted that Rule

6

60(b)(6) can be used to vacate judgments "whenever such action is appropriate to accomplish justice," but cautions that it should only be used in "extraordinary circumstances." Id. at 864 (citations omitted).

For the same reasons as those set forth above, Plaintiff has also not met the standard for reopening an action pursuant to Rule 60(b)(6). Plaintiff is clearly the party at fault here, and reopening the action would not "accomplish justice." Moreover, these are not the kind of "extraordinary circumstances" that justify relief. Plaintiff has been given many bites at the proverbial apple; the dismissal of his action is not arbitrary. Plaintiff's claims have been evaluated and dismissed on the merits and he has not shown, after repeated prompting by the Court, that he has a meritorious claim. Because of his repeated deficiencies—which have cost both the Court and Defendants a considerable amount of time—this action will not be reopened.

### III.   CONCLUSION

Plaintiff's Motion for Reconsideration [Doc. No. 42] is **granted**, however, upon reconsideration, the prior order will stand. As such, and for the reasons set forth above, Plaintiff's Motion to Reopen [Doc. No. 42] is **denied**. This case shall remain closed.

SO ORDERED.

Dated at New Haven, Connecticut, September  28 , 2006.

/s/
Peter C. Dorsey, U.S. District Judge
United States District Court